IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAREN CHHAY | : | NO. 15-2078 |

## MEMORANDUM OPINION

Savage, J.                                                                                              September 17, 2015

Citing its inability to personally serve the defendant, the plaintiff United States of America moves for allowance to serve her by registered mail and posting the summons and the complaint at her last known address.  Because its efforts to serve the defendant were insufficient, we shall deny the motion.

An individual may be served by either delivering the summons and a copy of the complaint personally to the defendant or leaving copies at the individual's dwelling or usual place of abode with someone of suitable age.  Fed. R. Civ. P. 4(e).  According to the plaintiff, the process server was unable to serve the defendant personally.  Relying upon Pennsylvania law, the plaintiff seeks permission to serve the defendant by posting the summons and a copy of the complaint on the property.  Pa. R. Civ. P. 430(a).

There is no federal rule providing for alternative service.  However, by virtue of Fed. R. Civ. P. 4(h)(1)(A), which permits any method of service allowed by the state in which the judicial district is located, Pennsylvania Rule of Civil Procedure 430 opens the door for alternative service.  That rule provides that "the plaintiff may move the court for a special order directing" an alternative method of service.  Pa. R. Civ. P. 430(a).

Rule 430 does not explicitly state the prerequisites for obtaining an order for alternative service. However, it requires the plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). Implicit in this requirement is the plaintiff's obligation to make both a good faith effort to locate the defendant and a practical effort to serve the defendant.

Alternative service is only appropriate as a "last resort" when personal service cannot be made. *Johnson v. Berke Young Int'l LLC*, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007) (citing *Grove v. Guilfoyle*, 222 F.R.D. 255 (E.D. Pa. 2004)). In other words, the plaintiff must establish that personal service cannot be made before it will be permitted to serve defendant by an alternative method. Furthermore, service of process by publication is "an extraordinary measure" and "great pains" are required to ensure a defendant receives actual notice. *Sisson v. Stanley*, 109 A.3d 265, 270 (Pa. Super. Ct. 2015), *appeal granted in part,* No. 141 MAL 2015, 2015 WL 5021344 (Pa. Aug. 25, 2015) (quoting *Fusco v. Hill Fin. Sav. Ass'n*, 683 A.2d 677, 680 (Pa. Super. Ct. 1996).

Before alternate service is deemed sufficient, the plaintiff must demonstrate that: (1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternate means of service is "reasonably calculated to provide the defendant with notice." *Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007). If

2

the plaintiff does not satisfy the first two requirements, there is no need to consider the third.

## Good Faith Efforts to Locate Defendant

The note to Rule 430 provides a non-exhaustive list of good faith efforts: 1) inquiries of postal authorities, including inquiries pursuant to the Freedom of Information Act, 29 C.F.R. Part 265; 2) inquiries of relatives, neighbors, friends and employers of the defendant; and 3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.[1]  Other efforts include "searching the Internet, calling telephone directory assistance, and hiring private investigators or skip tracer services."  *Barbosa v. Dana Capital Grp,. Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (citations omitted).  Unless the plaintiff uses most of these methods, efforts to personally serve a defendant are deemed insufficient. *Id.*; *Berke Young Int'l LLC*, 2007 WL 3010531 at *1.  In short, good faith efforts require more than a "mere paper search."  *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).

The plaintiff made some efforts to locate the defendant.[2]  However these efforts fall short.  Although a credit inquiry and a check with the postal authorities confirmed a mailing address for the defendant, there was no inquiry of voter registration, ownership or rental of the property, or tax records.[3]  A phone call to a possible neighbor reached an unidentified female who stated it was a "wrong number" and she didn't know the

---

[1] Pa. R. Civ. P. 430(a), note.

[2] Pl.'s Mot. for Service by Posting Property and Certified Mail, Ex. A.

[3] *Id.*

3

defendant.[4]  A second call to a "possible relative" went to voicemail but no message was left.[5]  Two other calls to possible numbers of the defendant were unsuccessful: one call left a message on a "general voicemail" and the other call received a fax signal.[6]  There is no confirmation that these were the defendant's assigned numbers.

These attempts to locate the defendant are insufficient.  The plaintiff must take further investigative steps to locate the defendant.

### Practical Efforts to Serve Defendant

A plaintiff must also demonstrate that once it located the defendant, it made practical efforts to serve the defendant.  Generally, a plaintiff must make multiple attempts to serve a defendant in order to demonstrate that alternative service is necessary.  *See Banks v. Alvarez*, No. 08-2030, 2008 WL 2579704, at *2 (E.D. Pa. June 30, 2008).  Though "[t]he number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical . . . it is certainly probative."  *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009).  "Visiting the defendant's location on different days of the week, or at different times of day" may be necessary.  *Shannon Cab Co.*, 2007 WL 2319776 at *2.  Three attempts may be insufficient where two occurred on the same day of the week and two were made at the same time of day*. Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (finding three service attempts insufficient where two

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

4

attempts occurred on Tuesdays and two attempts occurred at similar times of day between 10:00am and 11:30am).

A stake out may be necessary to demonstrate that all practical efforts were made to serve defendant. *Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, No. 11-6938, 2012 WL 682381, at *3 (E.D. Pa. Mar. 2, 2012); *Shannon Cab Co.*, 2007 WL 2319776 at *1-2 (granting motion for alternate service after "several attempts" at service were made in one day, residents "refused to come to the door," and defendant evaded "further attempts" over the next seven days, including a stake out.).

Here, a process server made three attempts over the course of one week to serve the defendant. He visited the defendant's address on Thursday, June 4, 2015, at 8:08 a.m.; Tuesday, June 6, 2015, at 7:46 p.m.; and Thursday, June 11, 2015, at 5:36 p.m.[7] Two of these visits occurred on Thursdays, and two occurred in the evening between 5:36pm and 7:46pm. Plaintiff's process server did not stake out the location.

These efforts to serve the defendant are insufficient. Therefore, we shall deny the motion.

---

[7] *Id.*